Gloria Jean CARTER; Gloria Ann Parker; Toni Amelia Parker; Tumeaka Nicole Ransome, Plaintiffs—Appellees,

v.

Donald DENISON; Department of Motor Vehicles; Jackson, Officer; State of Nevada; Risenhoover, Detective, Defendants,

and

MARTIN, Officer; North Las Vegas Police Department; North Las Vegas, City of; Snyder; Suttles, Officers; J.E. Tillmon, Defendants—Appellants.

No. 03–16509.

D.C. No. CV–00–01118–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 24, 2004.

Cal J. Potter, III, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiffs–Appellees.

Robert W. Freeman, Esq., Henderson, NV, E.B. Arntz, Pico & Mitchell Ltd., Las Vegas, NV, for Defendants/Defendants–Appellants.

Before FERNANDEZ and PAEZ, Circuit Judges, and WEINER, District Judge.*

MEMORANDUM **

The City of North Las Vegas and its police officers, Sue Suttles, Mark Martin, Sherrie Snyder and Chief Joey Tillmon, interlocutorily appeal the district court's order denying them qualified immunity in a civil rights action brought under 42 U.S.C. § 1983 by members of the family of Gloria Parker (collectively "the Parkers"). Parker died following an altercation with police. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We conclude we have jurisdiction to hear this interlocutory appeal. We reverse the district court's denial of qualified immunity.

The facts are well known to the parties and will be repeated here only as necessary to explain our decision. In determin-

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

ing that genuine issues of fact precluded summary judgment on the police officers' qualified immunity claim, the district court improperly collapsed the reasonableness element of the qualified immunity analysis with the reasonableness element of the excessive force analysis. The two issues are separate; the district court may not simply stop with a determination that a triable issue of fact exists on an element of the plaintiff's case, but must assume those facts are true and examine the legal issue of qualified immunity. *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir.2003); *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1053 (9th Cir.2002). We have jurisdiction to correct that error. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001).

▮ The district court erred in denying qualified immunity to the police officer defendants. The summary judgment record established as a matter of law that the force the officers applied was not excessive. The officers were confronted with a nearly naked, clearly delusional person, wielding first a knife and then a rock, and who continuously flailed her arms and legs to resist being subdued. The officers' use of oleoresin capsicum spray, and their need to physically hold Parker down while she was being handcuffed and ankle cuffed, does not establish a Fourth–Amendment violation. The summary judgment record is clear that force was used only while Parker actively resisted, and used only while she posed an immediate threat to the safety of the officers. While there was expert testimony indicating that the amount of time the officers held Parker down on the pavement was excessive, no eye witness evidence in the summary judgment record substantiated the expert's claim as to the duration of the incident. Accordingly, the expert testimony did not create a genuine issue of fact on the entitlement to qualified immunity. *See*

*Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1440 (9th Cir.1995) ("Assertions in expert affidavits do not automatically create a genuine issue of material fact.").

In addition, a reasonable police officer confronting a nearly naked, delirious, and armed suspect, would reasonably believe that using force to subdue the individual and prevent injury to themselves and the public was justified. A reasonable officer would have reasonably believed that using oleoresin capsicum and pinning the suspect down while her hands and legs were being immobilized was lawful. *Jeffers*, 267 F.3d at 911. Accordingly, the officers were entitled to qualified immunity.

▮ Since we find the officers did not use excessive force as a matter of law, there is no basis for *Monell* liability against the City. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The City's *Monell* liability is "inextricably intertwined" with the officers' entitlement to qualified immunity; thus we have pendent jurisdiction to address this issue as well. *Huskey v. City of San Jose*, 204 F.3d 893, 904–05 (9th Cir.2000).

Accordingly, we REVERSE the district court's order denying the individual defendants qualified immunity and REMAND for entry of judgment in favor of all defendants.