**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOANA ARCE, individually, and as heir and Special Administratrix of the Estate of Roberto Arce, Deceased; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MICHAEL CARMODY, individually, and in his official capacity; et al., <br><br> Defendants - Appellees. | No. 09-17057 <br><br> D.C. No. 2:04-cv-00425-JCM-GWF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 5, 2010
San Francisco, California

Before: ALARCÓN and RYMER, Circuit Judges, and KENNELLY, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

The plaintiffs appeal from an adverse jury verdict in their action under 42 U.S.C. § 1983 against the City of North Las Vegas, the North Las Vegas Police Department, and various police officers arising from Roberto Arce's death while in police custody. The plaintiffs challenge three evidentiary rulings by the district court. To reverse based on an evidentiary error, we must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). An error is prejudicial when it more probably than not affected the verdict. *Id.*

The district court properly excluded evidence of the North Las Vegas police department's involvement in the death of Gloria Parker. This Court previously held that the force applied in that case was not excessive. *See Carter v. Denison*, 110 Fed. App'x 6, 8 (9th Cir. 2004) (unpublished). The district court reasonably determined that this evidence was inadmissible in Arce's case under Federal Rule of Evidence 403.

The district court abused its discretion, however, in permitting the defendants to introduce the coroner's inquest jury verdict at trial. The evidence was inadmissible hearsay, and it was not properly admitted to impeach the plaintiffs' expert, Dr. Smith. *See United States v. Bao*, 189 F.3d 860, 866 (9th Cir. 1999) (an out-of-court statement offered to impeach is non-hearsay only when used

2

to show the declarant's own lack of consistency).  In any event, the unfairly prejudicial effect of this evidence substantially outweighed its probative value. The erroneous admission of the coroner's inquest jury verdict was prejudicial, because the cause of Arce's death was the central issue at trial and the plaintiffs were unable to impeach the verdict or cross-examine the inquest jurors.  We conclude that the error more likely than not affected the outcome of the trial and accordingly reverse.

We decline to address whether the district court erred in allowing the defendants to introduce evidence regarding prior police visits to Arce's residence. On remand, however, the district court should reconsider whether there is a proper basis to introduce this evidence as well as whether its admission would run afoul of Rule 403.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** for a new trial.